IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MOHAMED DIDA,**
**#Y51285,**

              **Plaintiff,**              Case No. 24-cv-00131-SPM

**v.**

**KIMBERLY HVARRE,**

              **Defendant.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This Plaintiff Mohamed Dida, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. Plaintiff seeks injunctive relief. This case is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

### THE COMPLAINT

Plaintiff asserts he is a devout Muslim and practices his faith by engaging in the fasting and prayers of David. (Doc. 1). As part of this practice, Plaintiff fasts during the day and only eats in the very early morning and evening. He also abstains from all meat, with the exception of fish. Since January 2023, Plaintiff's meals have been delivered to his cell without issue. Beginning in December 2023, however, Plaintiff began having problems with his dietary trays.

On December 14, 2023, Plaintiff did not receive his evening meal tray, which consists of

both lunch and dinner. Correctional Officer Jackson reminded dietary about Plaintiff's meal, and Plaintiff received his meal about two hours late. The next day, a correctional officer had to again remind dietary about delivering Plaintiff's meal to his cell. Dietary told the officer that "delivery stopped." Plaintiff did not receive any prior notice of the change and went hungry that evening. On December 16, 2023, Plaintiff was woken up by a correctional officer at midnight and told that food delivery to his cell had stopped and instructed Plaintiff to go to dietary at 3:30 a.m. for his breakfast tray and again at 7:00 p.m. for his lunch and dinner tray.

On December 17, 2023, Plaintiff went to dietary at 3:30 a.m. for his breakfast tray as instructed. When he arrived, he was told to return to his cell because they were not serving breakfast. Plaintiff was instructed to come back at 5:30 a.m. with the other inmates. Plaintiff was allowed to receive his lunch and dinner tray at sunset until January 6, 2024.

Plaintiff asserts that he has not been provided breakfast since December 17, 2023, and has not been given an evening tray since January 6, 2024. He states he was told he had 20 minutes to eat his meals at dietary, contrary to his approved dietary plan. Plaintiff claims that the substance of his meals has also recently been modified. At some point he was given the option of receiving the Jewish meal tray or the normal tray, which contains meat. Plaintiff states that neither option conforms to his religious beliefs. Because he is no longer being provided meals in accordance with his faith, he has had to purchase fish and beans from the commissary to eat. Plaintiff, however, has spent most of his money and cannot continue to purchase food. He states that he is diabetic, and the lack of full and consistent meals could worsen his condition.

Based on the allegations in the Complaint, the Court will designate the following counts:

**Count 1:** First Amendment claim for denying Plaintiff a diet in compliance with his religious practices.

**Count 2:** Religious Land Use and Institutionalized Persons Act (RLUIPA)[1] claim for denying Plaintiff a diet in compliance with his religious practices.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### DISCUSSION

Plaintiff has sufficiently stated a claim under RLUIPA and the First Amendment for the substantial burden placed on the ability to practice his religion by denying him his religious diet. *See Walker v. Baldwin,* 74 F. 4th 878, 880-881 (7th Cir. 2023) (discussing the elements of a RLUIPA claim); *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) ("forcing an inmate to choose between daily nutrition and religious practice is a substantial burden").

Because Plaintiff is only seeking injunctive relief, Counts 1 and 2 will proceed against Warden Kimberly Hvarre. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### PRELIMINARY INJUNCTION

In the Complaint, Plaintiff states that he has been denied food trays since January 6, 2024, and this matter is urgent as food is a necessity. (Doc. 1, p. 1). Because he appears to be seeking immediate and permanent injunctive relief, the Court will construe his Complaint as also a motion for a preliminary injunction. The Clerk of Court is **DIRECTED** to rename the pleading at Doc. 1

---

[1] This Court generally construes a state inmate's complaint that his religious rights are being infringed upon as implicating claims under the First Amendment and RLUIPA.

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This includes dismissal of Plaintiff's claim he is attempting to bring under Article I, Section 3 of the Illinois State Constitution. *See Tidwell v. Teneyuque*, No. 00 C 1646, 2001 WL 321052, at *4 (N.D. Ill. Mar. 30, 2001) ("when a plaintiff has an adequate remedy under federal law, specifically through §1983, an independent cause of action will not exist under the Illinois Constitution" (citing *Richard v. Lukensmeyer*, No. 98 C 6409, 1999 WL 261835, at *3-4 (N.D. Ill Apr. 12, 1999)). *See also Mefford v. White,* 770 N.E. 2d 1251 (Ill. App. 2002) ("the protections of religious practice afforded by that section [article I, section 3] are coextensive with those of the first amendment to the United States Constitution").

as follows: Complaint and Motion for Preliminary Injunction filed by Mohamed Dida. The Court will defer ruling on the motion. Defendant Hvarre is **ORDERED** to respond to the motion within 14 days of service.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. Counts 1 and 2 for injunctive relief will proceed against Warden Hvarre.

The Clerk of Court is **DIRECTED** to **RENAME** the pleading at Doc. 1 as follows: Complaint and Motion for Preliminary Injunction filed by Mohamed Dida. The Court **DEFERS** ruling on the request for preliminary injunction.

The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Hvarre the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Hvarre is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the Defendant should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 23, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.