UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED DIDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00131-GCS |
| | ) |
| KIMBERLY HVARRE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

This matter comes before the Court on Plaintiff's motion to consolidate. (Doc. 66). Specifically, Plaintiff moves the Court to consolidate the following cases: (1) 3:23-cv-02836-SMY; (2) 3:24-cv-00131-GCS; (3) 3:24-cv-00132-GCS; (4) 3:24-cv-00238-GCS; (5) 3:24-cv-00283-MAB; (6) 3:24-cv-00714-SPM; (7) 3:24-cv-00835-SMY and (8) 3:24-cv-01407-GCS.[1] Plaintiff sees his cases as one claim. Based on the following, the Court **DENIES** the motion.

---

[1] Three of these cases are closed in this Court. Case No. 3:23-cv-02836-SMY, a habeas corpus petition pursuant to 28 U.S.C. § 2254, was transferred to the Central District of Illinois on October 3, 2023. *See Dida v. State of Illinois*, 3:23-cv-02836-SMY, (Doc. 12). Case No. 3:24-cv-00283-MAB, a prisoner civil rights suit, was dismissed with prejudice as Plaintiff's claims lacked legal merit because prisoners have no constitutional right to attend educational, vocational, or rehabilitative courses, or obtain a prison job. *See Dida v. Hvarre*, 3:24-cv-00283-MAB, (Doc. 9, 14). Case No. 3:24-cv-00714-SPM, a prisoner civil rights suit, was dismissed with prejudice for failure to state a claim finding that Plaintiff does not have a constitutional right to have access to a computer so that he could participate in a doctoral program while incarcerated. *See Dida v. Hvarre, et al.*, 3:24-cv-00741-SPM, (Doc. 12). These latter two cases are on appeal.

On January 18, 2024, Plaintiff Mohamed Dida, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy Correctional Center ("Big Muddy"), brought *this* action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff seeks injunctive relief. In Plaintiff's complaint, he asserts that he is a devout Muslim and practices his faith by engaging in the fasting and prayers of David. (Doc. 1). On January 23, 2024, pursuant to 28 U.S.C. § 1915A, the Court screened Plaintiff's complaint and allowed him to proceed on the following claims: Count 1: First Amendment Claim for denying Plaintiff diet in compliance with his religious practices; and Count 2: Religious Land Use and Institutional Persons Act ("RLUIPA") claim for denying Plaintiff a diet in compliance with his religious practices. (Doc. 11, p. 2-3). The Court also construed the complaint as a request for a preliminary injunction. *Id.* at p. 3.[2]

Also, on January 18, 2024, Plaintiff filed another 42 U.S.C. § 1983 action for alleged deprivations of his constitutional rights asserting that he was denied treatment for various medical and dental conditions. *See Dida v. Hvarre, et al.*, 3:24-cv-00132-GCS, (Doc. 1). On May 29, 2024, the Court allowed Plaintiff to proceed against Dr. Larson for deliberate indifference in Counts 1, 2, and 5 relating to complaints of numbness, swollen and painful feet, and spinal pain. *Id.* at (Doc. 19, p. 6-7). In addition, the Court allowed Plaintiff to proceed against Defendants Van Dyke, Lady Smith, and B. Wilson for deliberate indifference in Count 2. *Id.* The Court also allowed Plaintiff to proceed on two counts against the Jane Doe Healthcare Administrator in Counts 3 and 7 for deliberate

---

[2] The Court denied the preliminary injunction on April 24, 2024. (Doc. 44). Plaintiff appealed this Memorandum & Order on May 7, 2024. (Doc. 45).

indifference for unsatisfactory dental treatment and failure to provide medication and treatment for his B-12 deficiency. *Id.* at p. 7. However, the Court severed claims 3 and 7 into a separate lawsuit (*Id.* at p. 8-9) finding that "two groups of claims arose from different transactions/occurrences and do not share common question of law or fact. *See* FED. R. CIV. PROC. 18, 20, and 21. *See also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (noting that district courts should not allow inmates to combine multiple lawsuits into a single complaint)." Claims 3 and 7 were severed into *Dida v. Issack*, 3:24-cv-01407-GCS, (Doc. 1).

Thereafter, on February 1, 2024, Plaintiff filed another civil rights suit alleging that the prison was not providing adequate opportunities to pray or to observe other tenants of his religion. *See Dida v. Hvarre, et al.*, 3:24-cv-0238-GCS, (Doc. 1, 17). On June 26, 2024, the Court allowed Plaintiff to proceed on a First Amendment or RLUIPA claim against Defendants Hvarre and Jeffrey Fernberg and concerning Plaintiff's access to adequate prayer times/facilities, and his ability to observe important religious celebrations. *Id.* at (Doc. 24).

Lastly, on March 21, 2024, Plaintiff filed a civil rights complaint alleging that he has been denied the right to purchase food at the commissary. *See Dida v. Hvarre*, 3:24-cv-00835-SMY, (Doc. 1). This case is at the beginning stage of litigation as Plaintiff's complaint is awaiting screening pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) provides in part: "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . .

." FED. R. CIV. PROC. 42(a)(2). Whether to consolidate cases is "a matter of convenience and economy in judicial administration." 9A Wright & Miller, FED. PRAC. & PROC. § 2383 (3rd ed. 2008). *See also Mutual Life Ins. Co. of New York v. Hillmon,* 145 U.S. 285, 292 (1892) (stating that consolidating "of like nature and relative to the same question" is within trial court's discretion).

As evident, the Court finds that Plaintiff's many claims are not related and do not involve common questions of law or fact to warrant consolidation. The Court previously found the same in severing two of his claims into a new lawsuit. Further, his cases are progressing through the court system at different speeds and Plaintiff has not shown that consolidation would promote trial convenience and economy in administration. Thus, consolidation is not appropriate.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's motion to consolidate. (Doc. 66).

**IT IS SO ORDERED.**

**DATED: October 2, 2024.**

Digitally signed by Judge Sison
Date: 2024.10.02 15:43:23 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**